WILKINSON (READ v.). See Case No. 11,-611.

WILKINSON (SALT CO. OF ONONDAGA v.). See Case No. 12,269.

WILKINSON (SHORT v.). See Case No. 12,-810.

WILKINSON (TYLER v.). See Case No. 14,-312.

---

## Case No. 17,676.

### WILKINSON v. UNION MUT. LIFE INS. CO.

[2 Dill. 570.] [1]

Circuit Court, D. Iowa. 1872.

LIFE INSURANCE — WARRANTY — FALSE ANSWERS IN APPLICATION—MISTAKES OF AGENT.

1. Where a life insurance policy contains a condition that if the statements in the application shall be found in any respect untrue. it shall be void, untrue answers to specific questions avoid the policy, although relating to matters not materially affecting the risk. and not made with a view to deceive the company. See Swick v. Home Ins. Co. [Case No. 13,692].

2. The local agent of a foreign company in taking and filling up blank applications entrusted to him is ordinarily to be taken as the agent of the company. and not of the assured, and the company, if true answers to the questions in the application be made by the applicant, will be estopped to take advantage of the mistakes and omissions of the agent in reducing the answers to writing, if the applicant is without fault.

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

This was an action on a policy of life insurance. The defense was the alleged falsity of certain answers in the application for the insurance. The jury found a special verdict, the general nature of which appears in the opinion. A report of the same case in the supreme court of the United States, more in detail, will be found in 13 Wall. [80 U. S.] 222. The defendant moved for a new trial.

Geo. W. McCrary. John H. Craig, and W. J. Cochrane. for plaintiff.

Gillmore & Anderson, for defendant.

DILLON, Circuit Judge. I think the motion for a new trial ought to be overruled. The special findings of the jury dispose of every defense on its merits against the company, except the one relating to the age of the mother of the assured at the time of her death. The special verdict on that subject is fully warranted by the evidence, and being so, the company is justly estopped to make the defense that the applicant misrepresented or untruly stated the age at which her mother had died.

In propounding the questions to the applicant. and in taking down her answers. the local agent acted for his company. and if the applicant made truthful answers. as found by the jury. and the agent wrote down the answers on that subject. which appear in the application, without the knowledge of the applicant. and without being misled by her, acting upon his own judgment, why should not the mistake of the company's agent be visited on the company, rather than on the plaintiff? I am aware of the conflicting views which different courts have held on this subject. but the one above indicated is well supported by adjudged cases, and is the one towards which. as it seems to me. the judicial sentiment of the country is rapidly tending. Rowley v. Empire Ins. Co., 36 N. Y. 550; Viele v. Germania Ins. Co., 26 Iowa, 9; Miller v. Mutual Ben. Life Ins. Co.. 31 Iowa, 216; s. c. 7 Am. Rep. 122, and cases cited in note: Geib v. International Ins. Co. [Case No. 5,298]; Wilkinson v. Connecticut Life Ins. Co., 30 Iowa, 119, which was an action by the present plaintiff on another policy. Judgment for plaintiff.

NOTE. In Hiatt v. Mutual Life Ins. Co. of New York [Case No. 6,449a], the defense was suicide, to which the plaintiff replied insanity. The court ruled: 1. That it was good cause of challenge to a juror that he considered the fact of suicide as conclusive evidence of insanity. 2. That the burden of proof to establish insanity was upon the plaintiff. See Swick v. Home Ins. Co. [Case No. 13,692], and cases cited. 3. As to the kind and degree of insanity necessary to be shown to entitle the plaintiff to recover where the assured took his own life. the court followed Terry v. Life Ins. Co. [Case No. 13,839], affirmed, 15 Wall. [82 U. S.] 580. There was a verdict and judgment for the defendant. I. N. Kidder and Gatch & Wright. for plaintiff. Holmes & Reynolds and Polk, Hubbell & Goode, for defendant.

---

WILKINSON (UNITED STATES v.). See Cases Nos. 16,695 and 16,696.